Hart, J.
(concurring). In addition to the reasons set forth in the opinion of Di Giovanna, J., I vote to reverse for the following reasons:
It is provided by subdivision (5) of special rule I of the City Court, Kings County Rules that “ the justice shall determine whether the extent of the claimed injuries and damages justifies the retention of the cause in its present position on the General Calendar.” (Emphasis supplied.) It is obvious that it was the *1011 intention of the makers of the rule that the sole criterion to be used in determining whether a case should retain its position on the General Calendar is the extent of the injuries ‘ ‘ claimed ’ ’. It is not important whether the Justice believes that the injuries “ claimed ” were actually sustained by the plaintiff or that they were not as extensive as plaintiff claims. It may well be that the court after examining the bill of particulars and the plaintiff’s doctor’s affidavit may not believe that the injuries claimed were actually sustained. But this belief cannot be made the basis for a determination under the rule in question.
A widespread practice has developed in the courts of appointing a so-called impartial physician to aid the court in determining whether preferences should be granted under rule 9 of the Kings County Supreme Court Rules or a cause should be deferred under subdivision (5) of rule I of the City Court, Kings County. This has resulted in the useless expenditure of hundreds of thousands of dollars in fees paid to the ‘ ‘ impartial physicians ”, and, in cases where the plaintiff’s attorney has refused to “ cooperate ” with the court by consenting to such examination of the plaintiff, actions have been denied a preference or stricken from the Day Calendar. That this practice is improper was recently decided by the Appellate Division (Denardo v. Brodsky, 9 A D 2d 790).
The fees of the impartial physicians appointed by the courts are in many cases extremely onerous, particularly in view of the fact that in some instances where the same physician is “partial”, i.e., retained by one of the parties to examine a plaintiff, his fee is as little as $50 and when the same physician is “ impartial ”, i.e., appointed by the court, his fee runs as high as $125. In addition, if the report of the impartial physician is couched in extremely technical medical terms a ‘ ‘ consultation fee ” of $50 is exacted for a conference at which the impartial physician “ explains ” his report. In an infant’s case, where an affidavit of the present condition of the plaintiff must be submitted to the Justice signing an order of compromise, an additional fee of $25 is exacted. All of these expenditures are not only unnecessary but as hereinbefore stated the appointment of the impartial physician for the purpose of advising the court as to the existence or nonexistence of the injuries claimed is violative of the rules in question.
In the ease at bar the plaintiff appeared before a Justice of the Supreme Court and after consideration of the bill of particulars and the plaintiff’s doctor’s affidavit the court suggested to counsel that he consent to transfer the case to the City Court. Counsel acquiesced. In the City Court the Justice *1012 presiding in the Classification and Calendar Control Term stated his belief that the case should be tried in the Municipal Court. At first blush this appears to be arbitrary and unfair but a reading of the rule indicates that it was the intention of the Appellate Division that all cases in the City Court be classified “including the negligence causes heretofore or hereafter transferred from the Supreme Court”. This is not an inadvertence on the part of the rule-making court, because were such power denied to the Justices of the City Court, plaintiffs could commence actions in the Supreme Court which should be brought in the Municipal Court and the worst that could happen would be that they would consent to transfer the cases to the City Court, the Justices of which would be powerless to take appropriate action under the Classification Buie.
The fact that a Justice of the City Court has the power to take a case from the General Calendar of the City Court even though it came from the Supreme Court does not mean that it may be exercised arbitrarily or in violation of the established court rules. In the case at bar “ the extent of the claimed injuries and damages ’ ’ are fully set forth in the accompanying opinion of Di Giovanna, J., and are undoubtedly of such a nature as to justify the retention of the action in the City Court.
It is true that there is some difference of opinion between the plaintiff’s doctor and the impartial physician appointed by the court but as hereinbefore stated this is a matter which may not be considered under the rule but must be resolved by the triers of the fact. Parenthetically, the impartial doctor examined plaintiff almost two years after the accident and found as follows: ‘ ‘ The injury described by the claimant is a competent producing cause for a synovitis of his left knee. Undoubtedly, it was associated with slight periarticular thickening. On measurement today, the left knee measures *4 of an inch greater in diameter than the right. ’ ’ The doctor then adds: ‘‘ The slight swelling which he shows may well persist, but in itself it is not disabling.” The examination of the impartial doctor also showed that he walked with a “ minimal limp.”
No further comment is required to establish the fact that the claimed injuries are sufficient to justify retention of the cause in its proper place on the General Calendar of the City Court.
In passing, attention might be given to the reasoning by the court below with respect to the $2,500 item of damage claimed by the plaintiff for loss of earnings. The court apparently proceeded upon the theory, as urged by defendant’s counsel, that in view of the fact that plaintiff was one of the partners in the business which hired several employees, his claim for loss of earnings in the sum of $2,500 was “ incredulous.”
*1013 Credibility is not one of the matters to be considered by the court in classification.